UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLOS JAVIER PASCUA MARTINEZ, | § § § § § | |
| *Petitioner,* | § § | |
| v. | § § | Civil Action No. 3:26-CV-1854-X |
| WARDEN, PRAIRIRELAND DETENTION CENTER et al., | § § § § | |
| *Respondents.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Carlos Javier Pascua Martinez's (Martinez) Motion for Temporary Restraining Order (TRO). (Doc. 2). For the reasons stated below, the Court **DENIES** the TRO request.

A TRO serves to preserve the status quo at the timing the lawsuit was filed and prevent irreparable harm to the movant so a court can "render a meaningful decision after a trial on the merits."[1] To warrant the extraordinary relief of a TRO, the movant must demonstrate:

> (1) a likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest.[2]

---

[1] *Apex Grp. Cap. Advisors LLC v. Related Fund Mgmt. LLC*, No. 3:25-CV-1627-X, 2025 WL 1869436, at *2 (N.D. Tex. July 7, 2025) (Starr, J.) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)).

[2] *Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015).

1

Preliminary relief should "not conclusively resolve legal disputes[,]" and thus a TRO is an inappropriate vehicle for granting ultimate relief.[3]  Specifically, a court cannot render ultimate relief sought in a habeas petition—releasing a detainee—in the form of a preliminary injunction or TRO.[4]

Martinez's TRO seeks to upend these bedrock principles.  First, it seeks to change the status quo at the time of the lawsuit.  Martinez is in ICE custody and wants out.[5]  But granting a TRO would just preserve the status quo of Martinez being in custody—something he obviously does not want.

The Court **DENIES** Martinez's TRO request.  His habeas petition remains pending.

**IT IS SO ORDERED** this 5th day of June, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[3] *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025).

[4] *Ramirez v. Noem*, 6:25-CV-035-H, at *2 (N.D. Tex. Feb. 5, 2026) (Hendrix, J.) (citing *Ramirez Rios v. Noem*, 3:25-CV-522, 2025 WL 3220095, at *1 (W.D. Tex. Nov. 7, 2025)).

[5] Doc. 2.